IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE OSBORG,

    Petitioner,                    No. CIV S-06-1453 GEB DAD P

    vs.

ROBERT HEIDELBACH,         ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed a petition for habeas corpus and has paid the filing fee appropriate for an action brought pursuant to 28 U.S.C. § 2254.[1]

        Under the rules that govern habeas corpus petitions filed by state prisoners in federal court, the district court is required to examine a habeas corpus petition before requiring a response to it. See Rules 3(b) and 4, Fed. R. Governing § 2254 Cases. "If it plainly appears

---

[1] The cover page of petitioner's pleading does not reflect that the petition has been brought pursuant to 28 U.S.C. § 2254, and petitioner's separate memorandum of points and authorities does not cite the statute or discuss the standards applicable to federal habeas proceedings brought pursuant to § 2254. The petition has not been submitted on a form and does not substantially follow either the form appended to the Federal Rules Governing Section 2254 Cases in the United States District Courts, or a form used by any district court in California. See Rule 2(d), Fed. R. Governing § 2254 Cases.

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Fed. R. Governing § 2254 Cases.

Petitioner alleges that on February 20, 2004, a San Joaquin County jury found him guilty of three counts of violating the California Health and Safety Code with regard to the condition of real property located in Stockton, California. After he was sentenced to 90 days in jail, petitioner filed a timely appeal to the Appellate Division of the San Joaquin County Superior Court. Service of the jail sentence was stayed. On February 1, 2006, the appellate department affirmed petitioner's judgment of conviction. A petition for rehearing filed on February 14, 2006, was denied. On June 5, 2006, the 90-day jail sentence was reimposed.

Petitioner seeks relief in this court on the ground that he did not receive proper notice of the alleged violations and was not given a reasonable opportunity to correct the problems. Petitioner contends that he has no right to appeal to a higher state court because he was convicted of misdemeanors and exhausted his right to appeal by appealing to the Appellate Division of the Superior Court. Petitioner contends that no other state remedies are available to him. Petitioner prays that his petition be granted and that his conviction be set aside. Petitioner also seeks an order staying his jail sentence pending resolution of his claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). Thus, the district court cannot infer a waiver of exhaustion. A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the petition for habeas corpus and all supporting documents filed in this case, the undersigned finds that petitioner has failed to exhaust available state court remedies. "[A] misdemeanor appellant, whose direct appeal is exhausted before reaching the state's highest court, must then appeal to that court by means of habeas proceedings in order to exhaust his claims for federal habeas corpus purposes." Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995). In Larche the Ninth Circuit explained that "our adherence to the principle of comity is so strong that we require that a state's highest court be given an opportunity to review constitutional claims even when that court's review is discretionary." Id. Petitioner Larche, a California state prisoner, argued that misdemeanants should not be required to present their claims to the California Supreme Court. The court found that so holding "would deprive the California Supreme Court of any opportunity to rectify constitutional wrongs committed by its lower courts in misdemeanor cases." Id. The court noted that the California Constitution gives the California Supreme Court original jurisdiction over misdemeanants' habeas claims and that the California Supreme Court has demonstrated that it will hear such claims. Id. at 1071-72 (citing Cal. Const. of 1879, art. VI, § 10, and California Supreme Court cases). Accordingly, "before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions." Id. at 1072. See also Gray v. Gillen, No. C-91-3547 EFL, 1994 WL 704889 (N.D. Cal. Dec. 7, 1994) (denying misdemeanant's habeas petition on the merits), vacated and remanded with instructions to dismiss for failure to exhaust state remedies, 110 F.3d 68 (9th Cir. 1997), aff'd on appeal after remand and dismissal for failure to exhaust, 198 F.3d 254 (9th Cir. 1999), cert. denied, 531 U.S. 838 (2000).

In this case, petitioner is a misdemeanant who affirmatively alleges that his claims have not been presented to the California Supreme Court. Despite petitioner's contention that he has no other state court remedies available to him, state habeas proceedings are available and must be exhausted. The undersigned will therefore recommend that this action be dismissed

1 without prejudice due to petitioner's failure to exhaust available state court remedies on his
2 constitutional claims before presenting those claims to this court. Petitioner's application for a
3 stay of execution pending disposition of his federal habeas petition should be denied because this
4 court cannot grant relief on petitioner's unexhausted claims.

5       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a
6 copy of these findings and recommendations together with a copy of the petition filed in this case
7 on June 30, 2006, upon the Attorney General of the State of California; and

8       IT IS RECOMMENDED that:

9       1. Petitioner's June 30, 2006 application for a stay of execution of his 90-day jail
10 sentence be denied; and

11       2. Petitioner's petition for habeas corpus be dismissed without prejudice for
12 failure to exhaust available state court remedies.

13       These findings and recommendations will be submitted to the United States
14 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
15 ten days after being served with these findings and recommendations, petitioner may file written
16 objections with the court. A document containing objections should be titled "Objections to
17 Findings and Recommendations." Failure to file objections within the specified time may, under
18 certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst,
19 951 F.2d 1153 (9th Cir. 1991).

20 DATED: August 8, 2006.

                                                /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE

DAD:13
osbo1453.103